MAX ROTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21365.    Promulgated July 13, 1927.

From January 1, 1921, to May 11, 1923, inclusive, two stores were conducted at Daytona Beach, Fla., in the name of the petitioner. All purchases of merchandise and all bank accounts were carried in the name of the petitioner. The petitioner filed income-tax returns accounting for the profits of the entire business. One of the stores was managed by the petitioner and the other by the petitioner's father. *Held*, that the evidence does not warrant a finding that the petitioner and his father were in partnership during the period in question.

*Ernest Clayton, C. P. A.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income tax for the years 1921 to 1924, inclusive, in the amount of $733.25. The question in issue is whether a partnership existed between the petitioner and his father for the period January 1, 1921, to May 11, 1923, inclusive. It was stipulated that a partnership existed from May 12, 1923, to December 31, 1924, inclusive.

### FINDINGS OF FACT.

The petitioner is a resident of Daytona Beach, Fla.

In 1909 the petitioner's father, Hyman Roth, was adjudged a bankrupt in New York State and various judgments were obtained against

him. He has never received a discharge in bankruptcy. In 1911 he opened a store in Daytona Beach, Fla., under the name of "The Princess Shop." The father's credit was bad but the son's credit was good. Goods were therefore purchased in the name of the son and all business was conducted in the son's name. A lease was, however, taken in the name of the father. The son entered the military service in 1918 and he was not mustered out of the service until some time in 1919. In that year an additional store was opened in Daytona Beach under the name of "The Mack Shop." Approximately $2,000 was advanced by the father for the purchase of goods for this store and substantially a like amount was advanced by the son. All purchases of merchandise for both stores during the taxable years under review were made in the name of the son and the money was banked in a single account in the son's name. The son, the petitioner herein, attended to the financial operations of both stores. All goods were purchased in his name. The father managed "The Princess Shop" as he had from the beginning and the son managed "The Mack Shop." The books of account prior to May 12, 1923, were kept by single entry. No capital accounts were carried. The petitioner and his father each had a drawing account of $35 per week. All of the earnings of the business in excess of the amounts paid as salaries to the petitioner and his father were retained in the business and not credited to either individual.

The petitioner filed income-tax returns for the years 1921 and 1922 and accounted for the entire profits of the business therein. The petitioner was married in October, 1922. On May 12, 1923, petitioner and his father entered into the following partnership agreement:

MEMORANDUM OF AGREEMENT, Made and entered into this 12th day of May, A. D. 1923, by and between Max Roth, of Daytona, Volusia County, Florida, party of the first part, and Hyman Roth of Daytona, Volusia County, Florida, party of the second part.

WITNESSETH: That for and in consideration of the sum of ten ($10.00) Dollars and other good and valuable considerations, the receipt of which is herewith acknowledged, the party of the first part does hereby sell to the party of the second part and the said party of the second part does herewith purchase one-half interest in and to any and all business now owned and operated and hereafter owned by the said party of the first part, it being the intention herein to convey a one-half interest in and to the business known as the "Princess Shop" and "Mack Shop", as well as any and all other business in which the party of the first may be interested.

It is mutually understood and agreed by and between the parties hereto that the said party of the first part shall, during his lifetime, be the general manager of all of said business with full power to do any and all things in connection therewith.

The business was incorporated in July, 1926, and stock was issued one-half to the petitioner and one-half to his father, except that

one share was issued to the petitioner's wife and one share to his mother.

A partnership existed between the petitioner and his father from May 12, 1923, to December 31, 1924, inclusive.

## OPINION.

SMITH: The only point in issue in this proceeding is whether an ordinary partnership existed between the petitioner and his father from January 1, 1921, to May 11, 1923, inclusive. In his petition the petitioner alleges the existence of a partnership between himself and his father prior to May 12, 1923, based upon an oral contract. There is not sufficient evidence in the record, however, of the entering into any such contract on the part of father and son. The father's credit was ruined by reason of the bankruptcy proceedings. The father had judgments outstanding against him and it was apparently the intention of both parties that the assets of the business should be beyond the reach of the father's creditors. We are of the opinion that the evidence does not warrant any finding of fact that a partnership existed between the father and son prior to May 12, 1923.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*